NOT FOR PUBLICATION                          [Docket No. 6]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

U.A. LOCAL 322 PENSION FUND,
et al.,

          Plaintiffs,

     v.

J.R. MCGEE PLUMBING LIMITED
LIABILITY COMPANY,

         Defendant.

Civil No. 16-3738 (RMB/KMW)

**OPINION**

APPEARANCES:

Matthew Thomas Tokarsky, Esq.
Jennings Sigmond PC
1835 Market Street, 28th Floor
Philadelphia, PA 19103
    *Attorney for Plaintiffs U.A. Local 322 Pension Fund,
    U.A. Local 322 Health & Welfare Fund, U.A. Local 322
    Annuity Fund, U.A. Local 322 Education Fund, Local 322 of
    the United Association of Journeymen and Apprentices of the
    Plumbing and Pipe Fitting Industry of the United States and
    Canada, U.A. Local 322 Political Action Committee,
    South Jersey Mechanical Contractors Association Industry
    Fund, Kurt R. Krueger, Jr., and Dan Falasca, Jr., in their
    official capacities as fiduciaries*

**BUMB**, UNITED STATES DISTRICT JUDGE:

    This matter comes before the Court upon the Motion for

Default Judgment by Plaintiffs U.A. Local 322 Pension Fund,

U.A. Local 322 Health & Welfare Fund, U.A. Local 322 Annuity

Fund, U.A. Local 322 Education Fund, Local 322 of the United

Association of Journeymen and Apprentices of the Plumbing and

Pipe Fitting Industry of the United States and Canada, U.A. Local 322 Political Action Committee, South Jersey Mechanical Contractors Association Industry Fund, Kurt R. Krueger, Jr., and Dan Falasca, Jr., in their official capacities as fiduciaries (the "Plaintiffs") [Docket No. 6], seeking the entry of a default judgment against Defendant J.R. McGee Plumbing Limited Liability Company (the "Defendant"), pursuant to Federal Rule of Civil Procedure 55(b)(2).  For the following reasons, the Plaintiffs' motion will be granted, in part, and denied, in part.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On June 24, 2016, Plaintiffs commenced the above-captioned action against Defendant, seeking the recovery of amounts owed to the Plaintiffs pursuant to the labor contract and trust agreements between the parties and Section 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1145.  Compl. ¶¶ 19-25 [Docket No. 1].  Plaintiffs also seek an audit of Defendant's records, the recovery of any amounts shown to be owed after the audit, and an injunction enjoining Defendant from further violating the terms of its agreements with the Plaintiffs.  Compl. ¶¶ 26-44.

According to the Complaint, Defendant did not pay certain required contributions to the Plaintiffs for the periods January 2015 through June 2015 and September 2015, in at least the sum

of $19,406.61, despite request for payments.  Compl. ¶¶ 20-21,
23-24.  Plaintiffs request that default judgment be entered in
Plaintiffs' favor and against Defendant in the total amount of
$21,834.39, representing (1) $13,249.60 in delinquent
contributions for the period January 2015 through June 2015 and
September 2015; (2) $6,157.01 in interest and liquidated damages
assessed on contributions paid beyond the due date; and
(3) $2,427.78 in reasonable attorneys' fees and costs through
September 30, 2016.  [Docket No. 6].

     Service of the Summons and Complaint were made upon the
Defendant on August 11, 2016 [Docket No. 4].  The time for
Defendant to answer the Complaint or otherwise move expired on
September 1, 2016.  To date, Defendant has neither answered nor
otherwise responded to the Complaint.  On September 14, 2016,
Plaintiffs requested an entry of default against Defendant,
which the Clerk of this Court entered that day [Docket No. 5].
Plaintiffs filed the instant motion on October 27, 2016, which
was served upon Defendant by first class mail the same day
[Docket Nos. 6, 6-1].  Defendant also failed to respond to the
motion.

## II.  LEGAL STANDARD

     "Before granting a default judgment, the Court must
determine (1) whether there is sufficient proof of service,
(2) whether a sufficient cause of action was stated, and

(3) whether default judgment is proper." <u>Teamsters Health &</u>
<u>Welfare Fund of Phila. & Vicinity v. Rock Canyon, Inc.</u>, 2015 WL
881694, at *1 (D.N.J. Mar. 2, 2015) <u>amended on reconsideration</u>,
2015 WL 1321722 (D.N.J. Mar. 24, 2015) (quoting <u>Teamsters Health</u>
<u>& Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.</u>, 2012 WL
3018062, at *2 (D.N.J. July 24, 2012)).   Whether default
judgment is proper depends on (1) whether a plaintiff will be
prejudiced if default is not granted, (2) whether a defendant
has a meritorious defense, and (3) whether the defendant's delay
is the result of culpable misconduct.   <u>Butler v. Pennsylvania</u>
<u>Bd. of Prob. & Parole</u>, 613 F. App'x 119, 122 (3d Cir. 2015)
(quoting <u>Chamberlain v. Giampapa</u>, 210 F.3d 154, 164 (3d Cir.
2000)).

## III. ANALYSIS

### A. <u>Proof of Service</u>

As noted above, the docket reflects that the Summons and
Complaint were served personally upon Alice McGee, a person in
charge who represented that she was authorized to accept service
on behalf of the Defendant.   Summons Returned Executed [Docket
No. 4]; <u>see also</u> Tokarsky Default Decl. ¶ 2 [Docket No. 5-1].
When Defendant failed to respond to the Complaint, Plaintiffs
properly sought entry of default pursuant to Federal Rule of
Civil Procedure 55(a).   Accordingly, the Court finds that there
has been sufficient proof of service upon the Defendant.

### B. Cause of Action

"Under ERISA, an employer who is obligated to contribute to a plan under the terms of a collective bargaining agreement must make such contributions in accordance with the terms and conditions of that agreement." Laborers Int'l Union of N. Am. Local No. 199 Welfare, Pension, Apprenticeship & Training Annuity v. RAMCO Solutions, 2013 WL 4517935, at *4 (D.N.J. Aug. 26, 2013) ("LIUNA") (citing ERISA Section 515, 29 U.S.C. § 1145); see also Rock Canyon, 2015 WL 881694, at *1.  ERISA Section 502(a) permits a plan fiduciary to sue an employer for failure to make the required contributions.  29 U.S.C. § 1132(a).  If a court enters judgment in favor of the plan fiduciary, ERISA Section 502(g)(2) requires the court to award (1) unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; (4) reasonable attorneys' fees and costs; and (5) other relief the court deems appropriate.  29 U.S.C. § 1132(g)(2); see also Rock Canyon, 2015 WL 881694, at *1; LIUNA, 2013 WL 4517935, at *4.

According to the Complaint, Defendant was a party to and/or agreed to abide by the terms of a collective bargaining agreement with Plaintiffs.  Compl. ¶ 15.  In connection with the Motion for Default Judgment, Plaintiffs also submitted a copy of the collective bargaining agreement entered into by Local 322 of the United Association of Journeymen and Apprentices of the

Plumbing and Pipe Fitting Industry of the United States and
Canada and the Defendant.  Agreement, Motion Ex. 2 [Docket
No. 6-5]; see also Shaloo Decl. ¶ 6 [Docket No. 6-4].
Accordingly, the Court finds that Plaintiffs have established
that Defendant was obligated to make contributions pursuant to
the collective bargaining agreement.  Likewise, Plaintiffs have
demonstrated that the collective bargaining agreement authorizes
the Plaintiffs to audit the Defendant's books and records to
ensure all required contributions are being paid.  Agreement
Art. XVII § 4, Motion Ex. 2.

     While Defendant's default constitutes an admission of the
allegations in the Complaint, "[a] default is not an admission
of the amount of damages claimed."  Operative Plasterers &
Cement Masons Int'l Ass'n Local No. 8 v. Specialty Stucco
Restoration, 2006 U.S. Dist. LEXIS 92460, at *7 (D.N.J. Dec. 20,
2006) (internal citation omitted).  Here, Plaintiffs submit the
Declaration of John Shaloo, the Administrator of the Benefit
Plans for the Plumbers & Pipefitters Local Union 322 of Southern
New Jersey [Docket No. 6-4].  Based upon his review of the
regular business records maintained by the Benefit Plans,
Mr. Shaloo concluded that Defendant has failed to pay the
contractually-required contributions for work performed from
January through June 2015 and September 2015 in the amount of
$13,249.60.  Shaloo Decl. ¶ 9.  Additionally, according to

Mr. Shaloo's review of the business records, Defendant has not submitted contractually-required contributions for the period June 2015 through September 2015.  An unspecified portion of those contributions remain outstanding.  Id. ¶ 10.

Having reviewed the Complaint and the submissions by Plaintiffs in connection with the instant motion, the Court finds that Plaintiffs' allegations sufficiently state a cause of action under ERISA.

## C. Propriety of Default Judgment

As to whether default judgment is proper, the Court first considers the prejudice to the Plaintiffs if the Motion for Default Judgment were denied.  Defendant's failure to respond to Plaintiffs' Complaint or to oppose the Motion for Default Judgment has deprived Plaintiffs of the opportunity to litigate their claims against Defendant.  In addition, Defendant's failure to make the required contributions may negatively impact Plaintiffs' ability to pay their beneficiaries and thus Plaintiffs will be prejudiced if default judgment is not entered in their favor.  See New Jersey Bldg. Laborers' Statewide Pension Fund & Trustees Thereof v. Pulaski Const., 2014 WL 793563, at *3 (D.N.J. Feb. 26, 2014); Specialty Stucco, 2006 U.S. Dist. LEXIS 92460, at *7.

Moreover, because Defendant has failed to file a responsive pleading addressing why default judgment should not be entered

in Plaintiffs' favor, the Court is "not in a position to
determine whether [Defendant] has any meritorious defense or
whether any delay is the result of culpable misconduct."
Specialty Stucco, 2006 U.S. Dist. LEXIS 92460, at *6-7 (quoting
Carpenters Health & Welfare Fund v. Naglak Design, 1995 U.S.
Dist. LEXIS 566, at *7 (E.D. Pa. Jan. 18, 1995)); see also
Pulaski Const., 2014 WL 793563, at *3 ("The Court has no duty to
construct a defense for Defendant."). The Court nevertheless
notes that there is no indication that Defendant has a
meritorious defense.

Finally, Defendant's "failure to respond permits the Court
to draw an inference of culpability on [its] part." Fed. Ins.
Co. v. Secure Cargo Corp., 2013 WL 1222653, at *3 (D.N.J.
Mar. 25, 2013) (citing Surdi v. Prudential Ins. Co. of Am., 2008
WL 4280081, at *2 (D.N.J. Sept. 8, 2008)). Defendant was served
with the Complaint and the instant motion, yet it did not
respond to either. The Court finds this indicative of
culpability on the Defendant's part. See Moroccanoil, Inc. v.
JMG Freight Grp. LLC, 2015 WL 6673839, at *2 (D.N.J. Oct. 30,
2015) (citing Nationwide Mut. Ins. Co. v. Starlight Ballroom
Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding
that defendant's failure to respond to communications from
plaintiff and court can constitute culpability)). These factors
favor entry of default judgment against the Defendant.

D. **Damages**

The Court now considers Plaintiffs' request for damages.
While Defendant's default constitutes an admission of the
allegations in the Complaint, "[a] default is not an admission
of the amount of damages claimed." Specialty Stucco, 2006 U.S.
Dist. LEXIS 92460, at *7 (internal citation omitted).

Because this action seeks delinquent contributions, this
Court must award (1) the unpaid contributions; (2) interest;
(3) the greater of either interest or liquidated damages
provided under the plan, not to exceed 20% of the unpaid
contributions; and (4) reasonable attorneys' fees and costs.
29 U.S.C. § 1132(g)(2).

Here, Plaintiffs have submitted the Declaration of John
Shaloo, who reviewed the Plaintiffs' business records and
determined that Defendant owes Plaintiffs $13,249.60 in unpaid
contributions under the terms of the collective bargaining
agreement. Shaloo Decl. ¶ 9; see also Agreement, Art. XVII
§§ 1, 3, Motion Ex. 2. Plaintiffs further seek interest on the
contributions paid past the due date in the amount of $527.50.
Motion at 20 [Docket No. 6-3]. The interest amount was
calculated in accordance with the fluctuating IRS interest rate,
as provided by Article XVII § 1(E) of the parties' collective
bargaining agreement and 29 U.S.C. § 1132(g)(2). Id.; see also
Shaloo Decl. ¶ 10; Agreement Art. XVII § 1(E), Motion Ex. 2.

The Court finds that these amounts are properly calculated and supported.

Plaintiffs also seek a total of $5,629.51 for liquidated damages based upon contributions paid past the due date.  Motion at 21.  Article XVII § 1(E) of the parties' collective bargaining agreement and 29 U.S.C. § 1132(g)(2) provide for the assessment of liquidated damages in an amount equal to the greater of the amount of interest owed on the delinquent principal or "ten percent (10%) of the delinquent contributions."  Agreement, Motion Ex. 2.  Mr. Shaloo concludes, without explanation, that "[a]s a result of the Defendant's failure to timely submit all required contributions, interest and liquidated damages have been assessed in the amount of $6,157.01," of which $527.50 represents interest.  Shaloo Decl. ¶ 10.  The Court, however, is left with no understanding of how Mr. Shaloo arrived at this figure, in light of the fact that Plaintiffs request $527.50 in interest and that ten percent of the $13,249.60 in unpaid contributions claimed by Plaintiffs is $1,324.96.[1]  The Court finds that Plaintiffs' request for $5,629.51 in liquidated damages is improperly calculated and

---

[1] In the event that the Court has failed to understand or has overlooked some material factual or legal matter presented in the pleadings, if appropriate, Plaintiffs may move for reconsideration or amendment of the judgment pursuant to the relevant rules of civil procedure.

unsupported by Plaintiffs' submissions.  The parties' collective bargaining agreement makes clear, however, that Plaintiffs are entitled to liquidated damages in the amount of ten percent of the delinquent contributions.  Accordingly, the Court will award the Plaintiffs $1,324.96 in liquidated damages, representing ten percent of the $13,249.60 in unpaid contributions claimed by Plaintiffs.

Finally, Plaintiffs seek attorneys' fees in the amount of $1,941.00 and costs of $486.78 through September 30, 2016, for a total of $2,427.78.  Tokarsky Decl. ¶ 2 [Docket No. 6-6].  In support of their request, Plaintiffs submit timesheets reflecting the legal services performed on the specified dates and by whom they were performed.  Motion Ex. 4 [Docket No. 6-7]. In addition, counsel provides the hourly rates charged as follows: $175 for associates Judith Sznyter and Matthew T. Tokarsky for time billed prior to May 1, 2016 and $190 for time billed on or after May 1, 2016; $70 for paralegals Carrie Fice, Kevin Kennedy, and Lauren Phillips for time billed prior to May 1, 2016 and $125 for time billed on or after May 1, 2016; and $70 for law clerk Daniel J. Keenan for time billed prior to May 1, 2016 and $90 for time billed on or after May 1, 2016. Tokarsky Decl. ¶¶ 3-4.

According to the Court's calculations, associates Mr. Tokarsky and Ms. Sznyter together billed 7.6 hours in this

matter for reviewing the file, conducting legal research, and preparation of court filings, among other legal tasks.  Law clerk Mr. Keenan billed 0.9 hours preparing the request for an entry of default.  Additionally, the three paralegals collectively billed 3.9 hours reviewing and preparing correspondence and court documents for filing.  Motion Ex. 4.

The Court finds that the attorneys' and law clerk's fees are reasonable in light of the nature of the case and the services rendered.  See, e.g., LIUNA, 2013 WL 4517935, at *5 (finding 10.6 hours of work at a rate of $300/hour reasonable in ERISA matter).

Likewise, the Court finds that the paralegal fees are reasonable in this context, although the $125 hourly rate is slightly higher than what courts generally have found to be reasonable for paralegal work.  See, e.g., J & J Sports Prods., Inc. v. Castro, 2015 WL 389381, at *5 (D.N.J. Jan. 28, 2015) (finding $95/hour to be reasonable rate for paralegal); Trustees of Nat. Elevator Industry Pension, Health Ben., Educational, Elevator Industry Work Preservation Funds v. Elevator Guild, LLC, 2013 WL 271888, at *4 (E.D. Pa. Jan. 23, 2013) (finding plaintiffs had adequately demonstrated $118/hour rate for paralegal was reasonable); Bucceroni v. City of Phil., 2006 WL 3420298, at *3 (E.D. Pa. Nov. 27, 2006) (awarding fees at rate of $100/hour for paralegal); Haisley v. Sedgwick Claims Mgmt.

12

Servs., Inc., 2011 WL 4565494, at *10 (W.D. Pa. Sept. 29, 2011)
(finding that plaintiffs failed to demonstrate that $125/hour is
a reasonable rate for paralegals).  Plaintiffs have demonstrated
that their paralegals are experienced and each hold a Paralegal
Certificate.  Tokarsky Decl. ¶¶ 7-9.  Based upon counsel's
declaration and the nature of services provided by the
paralegals, the Court is persuaded that $95/hour prior to May 1,
2016 and $125/hour after May 1, 2016 are reasonable hourly rates
for the paralegal services provided in this matter.

Additionally, the Court that finds the hours billed by the
associates, law clerk, and paralegals are reasonable and
adequately supported by the timesheets submitted by Plaintiffs.
Finally, the Court finds that the costs incurred in the amount
of $486.78, which includes filing and service fees, are
reasonable and should be awarded.  Motion Ex. 8.

**IV.   CONCLUSION**

For the foregoing reasons, the Plaintiffs' Motion for
Default Judgment will be granted, in part, and denied, in part.
An appropriate Order shall issue on this date.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

Dated: February 7, 2017

13